IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EMANUEL BAYEH THOMAS,** : | |
| Petitioner, : | |
| v. : | CIVIL NO. 05-CV-6700 |
| : | |
| **JAMES WYNDER, et al.,** : | |
| Respondents. : | |
| : | |

### ORDER

**AND NOW**, this 19th day of July 2007, upon consideration of Emanuel Bayeh Thomas's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. # 1], the Commonwealth's Response thereto [Doc. # 6], United States Magistrate Judge Thomas R. Rueter's Report & Recommendation ("R & R") [Doc. # 9], and Petitioner's Objections to the R & R [Doc. # 14], it is hereby **ORDERED** that:

(1)   the R & R is **APPROVED** and **ADOPTED**;[1]

---

[1] Magistrate Judge Rueter's R & R sufficiently addresses the issues in this case such that the Court need not significantly add to its discussion. The R & R recommends that this Court deny the Petition for Writ of Habeas Corpus. Petitioner has filed Objections to the R & R, but his filing is often unintelligible, and it generally fails to address Judge Rueter's reasoning. Instead, Petitioner has merely restated, again and again, the supposed grounds for relief that he had previously asserted in his Petition for Writ of Habeas Corpus. Nonetheless, the Court has considered the entire record and all of the parties' filings in determining that the Petition must be denied.

Under 28 U.S.C. § 2254, a district court may entertain habeas corpus petitions by state prisoners who claim that they are "in custody in violation of the Constitution or laws or treaties of the United States." Generally, however, a district court should entertain such petitions only when "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b) (2006). This exhaustion doctrine, which is grounded in principles of comity, requires habeas petitioners to fully and fairly present their federal claims to state courts before bringing them in federal court, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotations omitted). When a claim has not been fairly presented to the state courts, but state procedural rules prohibit the petitioner from obtaining further relief in state court, "the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)). Nonetheless, a district court generally may not address the merits of those claims because they are considered to have been procedurally defaulted. Id. Only when the petitioner can establish "cause and prejudice" or a "fundamental miscarriage of justice" may the federal court consider those procedurally defaulted claims. Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

  (2)  the Petition for Writ of Habeas Corpus [Doc. #1] is **DENIED** and **DISMISSED** without an evidentiary hearing;

  (3)  there is no probable cause to issue a certificate of appealability; and

  (4)  the Clerk of Court shall **CLOSE THIS CASE**.

  It is so **ORDERED**.

                **BY THE COURT**:

                <u>/s/ Cynthia M. Rufe</u>
                CYNTHIA M. RUFE

---

  In this case, a majority of the claims asserted in the Petition were never fairly presented to the Pennsylvania state courts. At this time, however, Petitioner is procedurally barred from asserting any of his claims in state court to fulfill the exhaustion requirement: based on clear state procedural rules requiring such filings within specified time periods, he may neither pursue a direct appeal nor file a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). As a result, any claims not previously presented to the Pennsylvania state courts are procedurally defaulted, and the Court may consider them only if Petitioner were able to establish cause and prejudice or a miscarriage of justice. But, as the R & R correctly concludes, Petitioner cannot establish cause and prejudice by claiming that his PCRA counsel was ineffective in failing to include the claims in his PCRA petition. See Coleman, 501 U.S. at 757. Accordingly, Petitioner has failed to establish cause and prejudice, and there is no viable argument that the default should be excused to avoid a miscarriage of justice. As a result, the Court will not consider those claims asserted by Petitioner that were not fairly presented to Pennsylvania state courts during his direct appeal or through collateral attack.

  Still, some of Petitioner's claims were adequately presented to the state courts. Accordingly, Judge Rueter considered the merits of those claims in his R & R, and concluded that none of these claims justifies issuing the writ in this case. This Court agrees with Judge Rueter's evaluation. Petitioner's prosecutorial-misconduct claim and right-to-confrontation claim are without merit. As the R & R indicates, the prosecutor's comment concerning Petitioner's failure to call a potentially helpful witness did not violate any constitutional or federal-law dictates. See, e.g., United States v. Keller, 512 F.2d 182, 185 (3d Cir. 1975). Additionally, the prosecutor's statement during closing argument referring to the defense strategy as a "smoke screen" did not violate federal law or the Constitution. See, e.g., Bronshtein v. Horn, 404 F.3d 70, 731–32 (3d Cir. 2005). Finally, the trial court's limitation of the cross-examination of Kimberly Williams did not violate the Sixth Amendment's Confrontation Clause. While the Confrontation Clause provides criminal defendants with the right to confront and cross-examine witnesses against them, see Crawford v. Washington, 541 U.S. 36, 51 (2004), trial courts "retain[] wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination to avoid, among other things, harassment, prejudice, confusion of issues, or interrogation that is only marginally relevant or is repetitive," United States v. Lore, 430 F.3d 190, 208 (3d Cir. 2005). In this case, the trial court allowed defense counsel to cross-examine Ms. Williams on various relevant issues, but limited the scope of the cross-examination by prohibiting defense counsel from inquiring into the specific details of an "underlying case" unrelated to Petitioner's case. See N.T. Trial 11/19/1998, at 38–39. In doing so, the trial court suggested that the limitations were intended to avoid confusion of the issues, see id. at 34–35, and offered defense counsel the opportunity to call Officer Gormley after questioning Ms. Williams on a limited basis, in order to make the intended point, see id. at 32–33, 35. Ultimately, Petitioner had an adequate opportunity to cross-examine Ms. Williams. As such, this Court is convinced that the trial court did not abuse its discretion in making its ruling.

  Accordingly, Petitioner has failed to state grounds sufficient to warrant issuing the writ of habeas corpus in this case. This Court, therefore, approves and adopts Magistrate Judge Rueter's R & R, and will deny the Petition.